FILED

14 MAR -6 PM 3:19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ *NU* _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AUSTIN,<br><br>                          Petitioner,<br><br>          vs.<br><br>A. W. HEDRICK, et al.,<br><br>                          Respondent. | Civil No.   14cv0448-WQH (WVG)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING PETITION WITHOUT PREJUDICE (1) FOR FAILURE TO NAME PROPER RESPONDENT, (2) FOR FAILURE TO STATE GROUNDS FOR RELIEF IN THE PETITION, AND (3) FOR FAILURE TO ALLEGE EXHAUSTION** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a Prisoner Trust Fund Account Statement.

## REQUEST TO PROCEED IN FORMA PAUPERIS

The Court construes Petitioner's authenticated certificate of trust account funds filed along with his petition as an application to proceed in forma pauperis. (ECF No. 2.) Petitioner has $0.00 on account at the California correctional institution in which he is presently confined. The Court accordingly grants Petitioner leave to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

\\

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 foll. U.S.C. § 2254). "Typically, this person is the warden of the facility in which the petitioner is incarcerated." However, "the rules following section 2254 do not specify the warden." <u>Id.</u> "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.' " <u>Id.</u> (quoting Rule 2(a), 28 foll. U.S.C. § 2254 advisory committee's note). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. <u>See id.</u>

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." <u>Ashley v. Washington</u>, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." <u>Ortiz-Sandoval</u>, 81 F.3d at 895.

Here, Petitioner has incorrectly named as Respondents "A. W. Hedrick" and John Peterson" with no indication of their official capacities. Petitioner is presently incarcerated at Salinas Valley State Prison in Soledad, California, and neither of the named Respondents is the warden of that prison, nor is either one the Secretary of the California Department of Corrections and Rehabilitation. In order for this Court to entertain a Petition for Writ of Habeas Corpus, Petitioner must name the warden or state officer in charge of the state correctional facility in which he is presently confined. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, the Court dismisses this case without prejudice for Petitioner's failure to name a proper respondent.

\\

## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." Rule 2(c), 28 U.S.C. foll. § 2254. <u>See also</u> <u>Boehme v. Maxwell</u>, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." <u>Cf.</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. <u>Adams v. Armontrout</u>, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. <u>Harris v. Allen</u>, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, Petitioner has violated Rule 2(c) by failing to allege facts and failing to state any particular ground for relief whatsoever.

Due to Petitioner's unsatisfactory showing on these requirements, the Court dismisses the action without prejudice. Should Petitioner decide to file an amended or a new petition, he is advised to clearly and succinctly state all grounds for relief as well as supporting facts.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

In addition to remedying the defects identified above, if Petitioner files an amended petition which contains grounds for relief, Petitioner must allege exhaustion of state court remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged

1  violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners

2  are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For

3  example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial

4  denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she]

5  must say so, not only in federal court, but in state court." Id. at 366.

6        Here, Petitioner has not presented any cognizable federal claim or indicated in the petition

7  that he has exhausted state judicial remedies as to any such claim. The burden of pleading a

8  cognizable claim and exhaustion of that claim lies with the petitioner. Cartwright v. Cupp, 650

9  F.2d 1103, 1104 (9th Cir.1981).

10        Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

11  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

12  of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

13  period shall run from the latest of:

14        (A) the date on which the judgment became final by the conclusion of direct
      review or the expiration of the time for seeking such review;

15

16        (B) the date on which the impediment to filing an application created by State
      action in violation of the Constitution or laws of the United States is removed, if
      the applicant was prevented from filing by such State action;

17

18        (C) the date on which the constitutional right asserted was initially recognized by
      the Supreme Court, if the right has been newly recognized by the Supreme Court
      and made retroactively applicable to cases on collateral review; or

19

20        (D) the date on which the factual predicate of the claim or claims presented could
      have been discovered through the exercise of due diligence.

21  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

22        The statute of limitations does not run while a properly filed state habeas corpus petition

23  is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999);

24  see also Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

25  when its delivery and acceptance [by the appropriate court officer for placement into the record]

26  are in compliance with the applicable laws and rules governing filings"). However, absent some

27  other basis for tolling, the statute of limitations does run while a federal habeas petition is

28  pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

1      Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

2 habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

3 the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.  It

4 appears plain from this Petition that Petitioner is not presently entitled to federal habeas relief.

5 **CONCLUSION**

6      Based on the foregoing, the Court hereby **GRANTS** Petitioner's application to proceed

7 in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor

8 person without being required to prepay fees or costs and without being required to post security.

9 The Clerk of Court shall file the Petition for Writ of Habeas Corpus without prepayment of the

10 filing fee.  However, the Court **DISMISSES** this action, without prejudice, because Petitioner

11 has failed to name a proper respondent, failed to state a cognizable claim, and failed to allege

12 exhaustion of state judicial remedies.  To have this case reopened, Petitioner must file a First

13 Amended Petition, with a copy of this Order attached, no later than **May 2, 2014** that cures the

14 pleading deficiencies identified herein.  Petitioner is further advised that if he does not file a

15 First Amended Petition in this case by that date, he will have to start over by filing a completely

16 new habeas petition in this Court.  See In re Turner, 101 F.3d 1323 (9th Cir. 1997).

17      The Clerk of Court is instructed to provide Petitioner with a blank First Amended Petition

18 form for Petitioner's convenience along with this Order.

19 **IT IS SO ORDERED.**

20 DATED: _____3/6/14_____        _____

21                                 HON. WILLIAM Q. HAYES

                                 United States District Judge